STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-665


SHONDREA DINNAT AND DENNY DINNAT

VERSUS

DR. DAVID SPENCE TEXADA, ET AL.


************

SUPERVISORY WRIT FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,056, DIVISION "F"
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

************

ON REMAND FROM THE
LOUISIANA SUPREME COURT

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.


WRIT GRANTED AND MADE PEREMPTORY.



David R. Sobel
Jeremy C. Cedars
Provosty, Sadler, deLaunay, Fiorenza & Sobel
934 Third Street, Suite 800
Post Office Drawer 1791
Alexandria, Louisiana 71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANT/APPLICANT:
      CHRISTUS St. Frances Cabrini Hospital

**David A. Woolridge, Jr.**
**Carlton Jones, III**
**Roedel, Parsons, Koch, Blache, Balhoff & McCollister, A L.C.**
**8440 Jefferson Highway, Suite 301**
**Baton Rouge, Louisiana 70809-7652**
**(225) 929-7033**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
     **Louisiana Patient's Compensation Fund Oversight Board**

**Peter T. Dazzio**
**Chris J. LeBlanc**
**Watson, Blanche, Wilson & Posner**
**505 North Boulevard**
**Post Office Drawer 2995**
**Baton Rouge, Louisiana 70821-2995**
**(225) 387-5511**
**COUNSEL FOR AMICUS CURIAE:**
     **Louisiana Hospital Association and**
     **Louisiana Hospital Association Medical**
          **Malpractice and General Liability Trust**

**Charles D. Elliott**
**Vilar & Elliott, L.L.C.**
**3709 Masonic Drive**
**Post Office Box 12730**
**Alexandria, Louisiana 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS:**
     **Shondrea Dinnat and Denny Dinnat**

**Victor H. Sooter**
**Sooter & Associates, A Limited Liability Company**
**1330 Third Street**
**Post Office Drawer 1671**
**Alexandria, Louisiana 71301**
**(318) 448-8301**
**COUNSEL FOR DEFENDANT:**
     **Dr. David Spence Texada**

**Normand F. Pizza**
**Milling Benson Woodward, L.L.P.**
**909 Poydras Street, 2300**
**New Orleans, Louisiana 70112-1010**
**(504) 569-7000**
**COUNSEL FOR DEFENDANT:**
     **Louisiana Medical Mutual Insurance Company**

**GENOVESE, Judge.**

This case comes before this court pursuant to remand from the Louisiana Supreme Court. Defendant/Applicant, CHRISTUS Health Central Louisiana d/b/a CHRISTUS St. Frances Cabrini Hospital (Cabrini), initially applied for supervisory writs with this court to reverse the judgment of the trial court denying its Exception of Prematurity with regard to a medical malpractice claim. This court denied Cabrini's writ finding "no error in the trial court's ruling." Cabrini then applied for a writ of certiorari with the Louisiana Supreme Court. Cabrini's writ to the supreme court was granted, and the case was remanded to us for briefing, argument, and opinion. For the reasons that follow, we grant the writ and make it peremptory.

## FACTS

Plaintiff, Shondrea Dinnat, underwent a total abdominal hysterectomy performed by Defendant, Dr. David Spence Texada, at Cabrini, on or about December 5, 2006. During this surgical procedure, it is alleged that Dr. Texada negligently injured Mrs. Dinnat's right ureter.

Mrs. Dinnat and her husband, Denny Dinnat, filed a civil suit in tort naming as Defendants, Dr. Texada, his alleged insurer, Louisiana Medical Mutual Insurance Company (LAMMICO),[1] Cabrini, and the Louisiana Patient's Compensation Fund (PCF). Mr. Dinnat's claim is for loss of consortium.

Mrs. Dinnat's only allegation against Cabrini, as set forth in paragraph twelve of the original and first supplemental and amending petitions, is as follows (emphasis added):

---

[1]LAMMICO has since been dismissed from this litigation.

1

12.

On information and belief, Cabrini is solidarily liable with Dr. Texada for the damages suffered by plaintiffs because Cabrini *was aware of multiple prior acts of malpractice committed by Dr. Texada, and Cabrini failed to suspend or revoke Dr. Texada's hospital privileges*. On information and belief, Cabrini finally revoked Dr. Texada's privileges following the malpractice in this case.

In response to Plaintiffs' lawsuit, Cabrini filed an Exception of Prematurity stating that Plaintiffs' claim against it was covered under the definition of "malpractice" in the Medical Malpractice Act (MMA) as set forth in La.R.S. 40:1299.41(A)(13).[2] The trial court denied Cabrini's exception. This court denied supervisory writs, finding no error in the trial court's ruling. The Louisiana Supreme Court granted Cabrini's Writ of Certiorari and has remanded the case to this court for briefing, argument, and opinion.

## ASSIGNMENTS OF ERROR

Counsel for Cabrini presents two assignments of error for review:

1.  The trial court erred by failing to apply the test set forth in *Coleman v. Deno*, 01-1517 (La. 1/25/02), 813 So.2d 303, to determine whether the Plaintiffs' allegation against Cabrini is "malpractice" as defined by the MMA.

2.  The trial court erred in denying the Exception filed on behalf of CHRISTUS St. Frances Cabrini Hospital.

## LAW AND DISCUSSION

The allegations in Plaintiffs' original and first and supplemental amending petitions claim that Cabrini "was aware of multiple prior acts of malpractice

---

[2]The definition of "malpractice," previously found in La.R.S. 40:1299.41(A)(8), is now contained in La.R.S. 40:1299.41(A)(13) pursuant to the 2008 revision which amended subsection A to place the definitions in alphabetical order.

2

committed by Dr. Texada, and Cabrini failed to suspend or revoke Dr. Texada's hospital privileges." There is no mention in Plaintiffs' original petition or in any of the supplemental and amending petitions of any allegation against Cabrini for negligent credentialing. Basically, Plaintiffs' claim against Dr. Texada is one of *negligent* supervision, not negligent credentialing.

Though the word "credentialing" is commonly referred to by all parties, this is not a negligent credentialing case. As stated in *Black's Law Dictionary* 395 (8th ed. 2004), the word "credential" is defined as "a document or other evidence that proves one's authority or expertise." Plaintiffs do not allege that Cabrini should not have allowed Dr. Texada hospital privileges or that he lacked the authority to perform surgery at its hospital. To the contrary, Plaintiffs only and specifically allege that, Dr. Texada's privileges should have been suspended or revoked because of his prior malpractice. Therefore, the legal issue before us is not whether Dr. Texada, initially, was negligently credentialed, but whether he was negligently supervised after being credentialed.

This is critical to Plaintiffs' case as the term "credentialing" is not listed in the definition of malpractice in the MMA. Louisiana Revised Statutes 40:1299.41(A)(13) (emphasis added), as amended in 2001, defines "malpractice," in pertinent part, as:

> [A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions . . . , in the training or *supervision* of health care providers

Counsel for Cabrini argues that the allegations in Plaintiffs' original and

supplemental and amending petitions are covered under the language of the MMA. Counsel for the PCF argues that the case of *Bickham v. Inphynet, Inc.*, 03-1897 (La.App. 1 Cir. 9/24/04), 899 So.2d 15, *writ denied*, 04-2638 (La. 12/17/04), 888 So.2d 876, applies to the case at bar. However, *Bickham* is a negligent credentialing case prior to the 2001 amendment to the MMA. It is, therefore, distinguishable and inapplicable since the case at bar is not a credentialing case, and the provisions prior to the 2001 amendment to the MMA do apply to Plaintiffs' allegation in the petitions. Counsel for the PCF also refers to the case of *Eusea v. Blanchard*, 04-1855 (La.App. 1 Cir. 2/11/05), 899 So.2d 41, which, like *Bickham*, was decided pursuant to the definition of malpractice that was in effect prior to the 2001 amendment and is likewise inapplicable.

Plaintiffs specifically allege that Cabrini should have suspended or revoked Dr. Texada's hospital privileges because of his prior acts of malpractice. This allegation presupposes the fact that Dr. Texada already had hospital privileges and, hence, had already been credentialed. Additionally, Plaintiffs neither mention nor claim any negligent credentialing of Dr. Texada either at the onset or during his tenure at Cabrini. Hence, Plaintiffs' claim is specifically one of negligent supervision. We find that Plaintiffs' allegations are tantamount to a claim of negligent supervision, not negligent credentialing, and are thus covered under the MMA. The general rule is that any conduct by a hospital of which a patient complains is within the scope of the MMA if it comes within the definitions of the MMA, even if there are alternative theories of liability. *Richard v. Louisiana Extended Care Centers, Inc.*, 02-978 (La. 1/14/03), 835 So.2d 460. The current definition of malpractice appearing at La.R.S. 40:1299.41(A)(13), which is applicable

in this case, specifically includes "all legal responsibility of a health care provider arising from acts or omissions . . . in the training or *supervision* of health care providers." "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. Because Plaintiffs' claim is one of negligent supervision, and because negligent supervision is specifically defined as an act of malpractice under the MMA, as of the 2001 amendment, the MMA applies.

Additionally, we will address the six-prong test originally set forth in *Coleman v. Deno*, 01-1517 (La. 1/25/02), 813 So.2d 303, which analysis our supreme court has repeatedly stated must be performed when attempting to determine whether an allegation is malpractice as defined by the MMA. *See, e.g.*, *Blevins v. Hamilton Medical Ctr.*, 07-127 (La. 6/29/07), 959 So.2d 440; *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-451 (La. 12/1/04), 888 So.2d 782; *Richard*, 835 So.2d 460. The six factors of the *Coleman* test are as follows:

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.

*Richard*, 835 So.2d at 469.

As to the first factor of the *Coleman* test, Plaintiffs allege "prior acts of malpractice" committed by Dr. Texada; therefore, the particular wrong is "treatment related" and is also alleged to be caused by a "dereliction of professional skill."

5

Hence, the first factor of *Coleman* is satisfied.

As to the second factor of the *Coleman* test, Plaintiffs' allegation of "prior acts of malpractice" committed by Dr. Texada will require "expert medical evidence to determine whether the appropriate standard of care was breached." Hence, the second factor of *Coleman* is satisfied.

As to the third factor of the *Coleman* test, Plaintiffs' allegation of "prior acts of malpractice" committed by Dr. Texada will involve an "assessment of the patient's condition." Hence, the third factor of the *Coleman* test is satisfied.

As to the fourth factor of the *Coleman* test, Plaintiffs' allegation that "Cabrini failed to suspend or revoke Dr. Texada's hospital privileges" is "within the scope of activities which a hospital is licensed to perform" as set forth in La.R.S. 40:2114. Louisiana Revised Statutes 40:2114(E) provides: "A hospital shall establish rules, regulations, and procedures setting forth the nature, extent, and type of staff membership and clinical privileges, as well as the limitations placed by the hospital on said staff membership and clinical privileges for all health care providers practicing therein." Hence, the fourth factor of *Coleman* is satisfied.

As to the fifth factor of the *Coleman* test, any injury suffered by Ms. Dinnat as a result of Cabrini's alleged negligence "would [not] have occurred if [she] had not sought treatment" from Dr. Texada at Cabrini. Hence, the fifth factor of *Coleman* is satisfied.

As to the sixth factor of the *Coleman* test, since the alleged acts and/or omissions made by Plaintiffs are not allegations of an "intentional tort," the sixth factor in *Coleman* is inapplicable and impertinent.

Having thoroughly considered Plaintiffs' allegations in the petitions, the MMA,

6

specifically the applicable and current definition of malpractice set forth in the act, and the six factors of the *Coleman* test, we find that Plaintiffs' claim is one of negligent supervision[3] and that it is an act of malpractice covered under the MMA.

## DECREE

For the foregoing reasons, we grant the writ and make it peremptory; we reverse the judgment of the trial court denying the Exception of Prematurity filed by CHRISTUS Health Central Louisiana d/b/a CHRISTUS St. Frances Cabrini Hospital; we grant the Exception of Prematurity; and, we dismiss the petitions of Shondrea and Denny Dinnat without prejudice so that this matter can be submitted to a medical review panel.

**WRIT GRANTED AND MADE PEREMPTORY.**

---

[3]Though counsel have presented arguments relative to the issue of "credentialing," said issue was neither pled by the Plaintiffs, nor decided by the trial court; therefore, it is not before this court.